UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARBARA SOCHINSKI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:05CV2057 HEA |
| ) | |
| JULIA DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' Motion to Change Venue, [Doc. # 8]. Defendants oppose the motion and have filed a written memorandum in support. For the reasons set forth below, the Motion is denied.

### **Facts and Background**

On August 27, 2005, plaintiffs filed this action in the Circuit Court for the City of St. Louis. Plaintiffs allege damages as a result of an accident involving a motor vehicle and a pedestrian in Osage Beach, Missouri.[1] Defendants removed the action based on the Court's diversity of citizenship jurisdiction. Plaintiffs now move to transfer venue arguing that venue is not proper under 28 U.S.C. §

---

[1] Plaintiffs state that Osage Beach, Missouri is in Miller County, Missouri, which is located in the United States District Court for the Western District of Missouri; defendants believe Osage Beach, Missouri is situated in Camden County. In either event, Osage Beach is located in the Western District of Missouri for Federal Jurisdiction.

1391(a)(2), and therefore this matter should be transferred to the Western District of Missouri.

## Discussion

**Motion to Transfer Venue**

Plaintiffs move to transfer arguing that venue in diversity cases is only appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred..." 28 U.S.C. § 1391(a)(2). Plaintiffs argue that every substantial part of the events or omissions in this case occurred in "Miller County, Missouri" which is located in the Western District. Plaintiffs' reliance on Section 1391(a)(2), however, is misplaced. Section 1391(a)(2) does not apply. As defendants correctly point out, 28 U.S.C. § 1444 governs venue in this case. Section 1444 provides that the venue of a removed case is "the district court of the United States for the district and division embracing the place where such action is pending." Plaintiffs filed this action in the Circuit Court for the City of St. Louis, Missouri, which is in the Eastern District of Missouri, and therefore pursuant to 28 U.S.C. § 1441, venue is proper in this Court.

**Motion to Transfer**

Plaintiffs move, alternatively, to transfer this matter to the Western District of Missouri pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." When determining whether to grant a motion to transfer, courts consider the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The district court's evaluation of a transfer motion, however, is not limited to these factors. *Terra Int'l.* 119 F.3d at 691. Rather, these determinations require a case-by-case evaluation of the particular circumstances in the case and a consideration of all relevant factors. *Id*.

The "'logical starting point' for analyzing the convenience of the parties is a consideration of their residences in relation to the district chosen by the plaintiff and the proposed transferee district." 17 Moore's Federal Practice § 111.13[1][e][I] (3d ed. 2004). In this case, plaintiffs argue that it is inconvenient for the parties and witnesses to have this matter tried in this district. However, plaintiffs did choose to bring this action in the City of St. Louis, rather than in a state court located more closely to them. Plaintiffs have not specifically identified any witnesses residing in the Western District of Missouri. Defendants have advised the Court that they reside in Jersey County, Illinois. Likewise, at least one of

defendants' witnesses also resides in Jersey County.  Transferring this case to the Western District of Missouri would apparently only serve to shift the alleged inconveniences from plaintiffs to defendants.   At this point in the litigation, nothing has been presented to the Court which establishes that it would be more convenient to have this matter litigated in the Western District rather than in this district.

When considering the interests of justice, a court can consider: (1) judicial economy; (2) the plaintiff's choice of forum; (3) the comparative costs to the parties of litigating in each forum; (4) each party's ability to enforce a judgment; (5) obstacles to a fair trial; (6) conflict of law issues; (7) the advantage of having a local court determine questions of local law.  *Terra Int'l, Inc.*, 119 F.3d at 696.  Considering these factors, the Court concludes that the interests of justice mandate that this action remain before this Court.

## Conclusion

Venue is proper in this Court and plaintiffs have failed to establish that the matter should be transferred to the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Change Venue,

[Doc. # 8], is denied.

Dated this 8th day of December, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE